UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DANIEL GORDON JOHNSON, | ) | CASE NO.  C05-1204-RSM-MAT |
| | ) | (CR03-425-RSM) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Daniel Gordon Johnson is a federal prisoner who is currently incarcerated at the Taft Correctional Institution in Taft, California. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to set aside his 2004 federal court sentence. The government has filed a response to petitioner's § 2255 motion in which it argues that petitioner's motion is time barred. After the government filed its response to petitioner's § 2255 motion, the Court received from petitioner a motion for directed verdict and for imposition of sanctions in which he argues that the government failed to timely respond to his § 2255 motion. The Court also received from petitioner a motion to quash the government's response in which he argues that the government's

REPORT AND RECOMMENDATION
PAGE -1

response was untimely and non-responsive to the claim set forth in petitioner's § 2255 motion.

The Court, having reviewed the submissions of the parties, concludes that petitioner's motion to set aside his sentence is untimely and should therefore be denied. This Court further concludes that petitioner's motion for a directed verdict and his motion to quash are without merit and should also be denied.

## DISCUSSION

### Petitioner's § 2255 Motion

On October 31, 2003, petitioner enter a plea of guilty to a charge of possession with intent to distribute in excess of 50 kilograms of marijuana. (*See* CR03-425RSM, Dkt. Nos. 39-41.) Petitioner was sentenced on February 6, 2004, to 46 months imprisonment, and judgment was entered by the Clerk on February 9, 2004. (CR03-425RSM, Dkt. Nos. 57-58.) Petitioner did not file a direct appeal.

On June 30, 2005, petitioner signed his § 2255 motion, and the motion was received by the Court on July 6, 2005. (Dkt. No. 1.) On July 22, 2005, this Court issued an Order directing that petitioner's motion be served on the United States Attorney by first class mail, and directing the United States to file and serve an answer to the motion within thirty days after service. The government filed its response to petitioner's motion on August 25, 2005. The government argues therein that petitioner's § 2255 motion is time barred because it was filed more than one year after petitioner's judgment became final. The record supports the government's argument.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was

to adopt a one-year statute of limitations for § 2255 motions. *See* 28 U.S.C. § 2255. The one year limitations period starts to run from "the date on which the judgment of conviction becomes final." *Id.*

Petitioner's judgment was entered on February 9, 2004. Petitioner had ten days after the entry of the judgment, or until around February 19, 2004, to file a direct appeal. *See* Rules 4(b)(1)(A) and 26(a), Federal Rules of Appellate Procedure. Because petitioner filed no direct appeal, his conviction became final on or around February 19, 2004. Petitioner therefore had until February 19, 2005, to file his § 2255 motion. As noted above, petitioner's § 2255 motion was signed on June 30, 2005, over four months after the expiration of the statute of limitations.

The statute of limitations is subject to equitable tolling. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(en banc). However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). Petitioner makes no showing that he is entitled to equitable tolling of the statute of limitations. As petitioner's § 2255 motion was filed outside the statute of limitations, and as petitioner makes no showing that he is entitled to tolling of the limitations period, this Court recommends that petitioner's § 2255 motion be denied.

<u>Petitioner's Motion for Directed Verdict and Imposition of Sanctions</u>

Petitioner argues that he is entitled to a directed verdict vacating his conviction and

REPORT AND RECOMMENDATION
PAGE -3

sentence, and to imposition of sanctions against the government, because the government failed to comply with this Court's July 22, 2005, Service Order. Petitioner appears to be of the belief that the government's response to his motion was untimely. Petitioner is incorrect. As noted above, the Court ordered that petitioner's motion be served on the government by first class mail and that the government file its response within thirty days of such service.

The record reflects that the Service Order was mailed to the government on July 22, 2005. The government represents to the Court that it received service of defendant's motion on July 27, 2005, and it therefore calculated a response due date of August 26, 2005. (*See* Dkt. No. 9 at 1.) The government's calculation of the time period within which it was required to file its response is consistent with the provisions of Fed. R. Civ. P. 6(a) and (e). The government filed its response to petitioner's § 2255 motion on August 25, 2005. As the government filed its response to petitioner's motion within the prescribed time period, petitioner's argument that the response was untimely is without merit. Petitioner's motion for directed verdict and for imposition of sanctions is therefore denied.

### Petitioner's Motion to Quash

Petitioner argues that the government response to his § 2255 motion should be quashed because the response was untimely and because the government failed to address in its response the substance of petitioner's claim. As noted above, the Court deems the government's response to petitioner's motion timely. The Court also deems the response sufficient. Because the government offered a valid procedural defense in its opposition to petitioner's § 2255 motion, no discussion of the merits of petitioner's claim was necessary. Accordingly, petitioner's motion to quash should be denied.

## CONCLUSION

For the reasons set forth above, this Court recommends that each of petitioner's pending motions be denied. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of October, 2005.

Mary Alice Theiler
United States Magistrate Judge