UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL GORDON JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C05-1204-RSM-MAT<br>(CR03-425-RSM)<br><br>ORDER DENYING MOTION UNDER 28 U.S.C. §2255 |

On October 13, 2005, the Honorable Mary Alice Theiler, United States Magistrate Judge, submitted her Report and Recommendation ("R & R") to the undersigned District Judge in this case. Petitioner filed timely objections. (Dkt. #13). Respondent did not file a response.

The Court, having reviewed petitioner's motion under 28 U.S.C. § 2255, petitioner's motion for directed verdict and for imposition of sanctions, petitioner's motion to quash, Judge Theiler's R & R, and the remaining record, does hereby find and Order:

(1) The Court ADOPTS the Report and Recommendation with the following additional comments. In his objections, petitioner appears to believe that Judge Theiler misconstrued the basis of his § 2255 motion. He argues that his motion is not barred by the

statute of limitations because the statute did not begin to run until he discovered new facts on or about September 7, 2004, upon which his claim that respondent breached the underlying plea agreement is based. (Dkt. #13 at 3). Petitioner is correct that § 2255 provides for a limitations period other than one year from the date on which judgment becomes final. In particular, the statute provides that the one-year period of limitation "shall run from the latest of . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (4). However, that exception is not applicable to the instant case where it appears that petitioner is not challenging the validity of his sentence, but rather the execution of his sentence.

The government denied petitioner's request for Treaty Transfer based on "the fact that the defendant 'is needed by federal law enforcement authorities in connection with a pending investigation.'" (Dkt. #6 at 2). Petitioner claims this is an additional requirement or restriction in violation of his plea agreement that he did not discover until September 2004. (Dkt. #13 at 3). Petitioner's argument fails for two reasons. First, the decision to transfer is within the unfettered discretion of the Attorney General. *Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991). Because petitioner has no fundamental right to a transfer, his cooperation in an ongoing investigation as a condition precedent to transfer is not an additional requirement or restriction in violation of his plea agreement. Second, there is no indication in the record that petitioner was promised or had any expectation that he would be allowed to serve his sentence in Canada as part of his guilty plea. Therefore, even if petitioner did not learn that respondent wanted him to participate in an ongoing investigation until September 2004, this is not a fact supporting a § 2255 claim, and its discovery does not restart the running of the limitations period. Indeed, it appears

to the Court that petitioner is really attempting to circumvent this Court's prior denial, based on lack of jurisdiction, of his Motion for Treaty Transfer. (*See* CR03-425-RSM, Dkt. #83).

(2) Petitioner's motion to set aside his sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1), petitioner's motion for directed verdict and for imposition of sanctions (Dkt. #8), and petitioner's motion to quash (Dkt. #11), are DENIED.

(3) The Clerk is directed to send copies of this Order to petitioner, to counsel for the government, and to Judge Theiler.

DATED this _30_ day of November, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE